UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARPENTER, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No. 17-cv-03221-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 11 |

Before the Court is Defendant's Motion to Dismiss Plaintiffs' claim for Private Nuisance. ECF No. 11. The Court will grant the motion.

**I. BACKGROUND[1]**

On June 5, 2017, Plaintiffs David Carpenter, Kim Carpenter, individually and as next friend of C.C., a minor, and Kim Agrella, trustee of The Carpenter Family Trust ("Plaintiffs") brought this suit against Amazon.com, Inc. ("Amazon") and Does One through Twenty, inclusive (collectively "Defendants"). ECF No. 1.

The Carpenters ordered a hoverboard called "ForTech Two Wheels Mini Smart Self Balancing Scooter" from Defendant Amazon in November 2015. ECF No. 1 at 4-5. Plaintiffs contend that the hoverboard's "battery was a substandard and cheaply manufactured lithium-ion battery prone to combustion." Id. at 4. On January 19, 2016, as the hoverboard was charging in Plaintiffs' home, it burst into flames. Id. at 7. Plaintiffs were not home when the fire started, but their two family dogs were trapped in the home and died. Id. at 7-8. Plaintiffs returned to their home while it was still engulfed in flames and the Santa Rosa Fire Department was engaged in

---

[1] For purposes of this motion, all facts alleged in the complaint will be taken as true and the Court will "construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

suppression efforts. Id. at 8.

Plaintiffs bring claims for (1) fraudulent concealment; (2) strict liability manufacturing defect; (3) strict liability manufacturing and design defect; (4) strict liability failure to warn; (5) negligence; (6) breach of implied warranty; and (7) private nuisance. Only the seventh claim is at issue here. With regard to Plaintiffs' private nuisance claim, Plaintiffs state that Amazon, "by selling, delivering, and/or distributing the subject hoverboard to Plaintiffs . . . despite being aware of its propensity to spontaneously combust, caused the subject hoverboard fire, which was harmful to health and obstructed the free use of Plaintiffs' real and personal property as to interfere with the comfortable enjoyment of life and such property, and had no public benefit." Id. at 16.

Plaintiffs allege that the fire substantially interfered with their "use and enjoyment" of their home, "which is no longer habitable," and caused "annoyance, disturbance, discomfort, inconvenience, mental anguish and emotional distress." Id. They further allege lack of consent to the damage and destruction, that an ordinary person in their position "would be reasonably annoyed or disturbed," and that Defendant's acts and omissions were an "actual and proximate cause" of the damages Plaintiffs sustained. Id.

## II. JURISDICTION

The Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1).

## III. REQUEST FOR JUDICIAL NOTICE

Before turning to the merits of the motion to dismiss, the Court resolves the Plaintiffs' request for judicial notice.

"As a general rule, we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." United States v. Corinthian Colleges, 655 F.3d 984, 998-99 (9th Cir. 2011) (internal quotation marks and citations omitted). Pursuant to Federal Rule of Evidence 201(b), however, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may properly take judicial notice of materials attached to the complaint and of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). A court

"must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). However, the Court takes judicial notice only of the existence of the document, not of the veracity of allegations or legal conclusions asserted in it. See Lee, 250 F.3d at 689-90.

Plaintiffs request that the Court take judicial notice of the proceedings in Houshang Rahban, et al v. Detrex Corporation, No. CV 08-6235-GW(RZX), Docket No. 54, Order Re Available Relief in Connection With Parties' Cross-Motions for Summary Judgment (C.D. Cal., Dec. 10, 2009), attached as Exhibit 1. ECF No. 17-1; 17-3. Because a court "may take judicial notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue," Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007), the Court grants Plaintiffs' request.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A party may move to dismiss based on the failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, a pleading must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

### IV. DISCUSSION

To plead a private nuisance under California's nuisance statute, Cal. Civ.Code §§ 3479–80, a plaintiff generally must show that the defendant's act caused an "unreasonable invasion of

3

1 [the plaintiff]'s interest in the free use and enjoyment of [hi]s property." Hellman v. La Cumbre Golf & Country Club, 6 Cal.App.4th 1224, 1230, 8 Cal.Rptr.2d 293 (1992). Amazon argues that Plaintiffs' private nuisance claim should be dismissed because private nuisance is not a viable cause of action for damage to real property in a product liability or negligence action. ECF No. 11 at 3.

"[T]he law of nuisance is not intended to serve as a surrogate" for products liability allegations. Hinds Investments, L.P. v. Angioli, 445 Fed. App'x 917, 919 (9th Cir. 2011) (citing City of Modesto Redev. Agency v. Superior Court, 119 Cal. App. 4th 28 (2004)). "[C]ourts have refused to find liability under nuisance law when allegations are based entirely on 'negligence and defective workmanship.'" Houshang Rahban, et al. v. Detrex Corporation, No. V 08-62350GW (RZX), 2009 WL 10674035, at *5 (C.D. Cal., Oct. 26, 2009) (citing cases). Moreover, "placing a defective product into the stream of commerce does not result in liability under nuisance law." Id. (citing City of San Diego v. U.S. Gypsum Co., 30 Cal. App. 4th 575, 585-88 (1994).

Plaintiffs attempt to distinguish this case by relying on Houshang Rahban for the proposition that "courts have rejected similar attempts to dismiss nuisance claims simply because they were brought in conjunction with other causes of action." ECF No. 17 at 3-4. In Houshang, "Defendant argue[d] that Plaintiffs' nuisance claims [could not] substitute for a products liability action," but the court found an issue of material fact on plaintiffs' nuisance claims. Houshang Rahban, 2009 WL 10674035, at *5.

This case is not like Houshang. Whereas in Houshang, designing dry cleaning equipment and chemicals "in a way that will 'discharge waste in a manner that will create a nuisance' [*did*] *not necessarily amount to a defect*," here, a hoverboard that spontaneously combusts is clearly within the realm of products liability and negligence law. 2009 WL 10674035, at *5. In Houshang, the court found that a plaintiff could show that the defendant was responsible for contamination "due to some affirmative conduct or failure to act," because the machine was designed to require users to act in such a way that may have caused exposure to the contaminant that amounted to a nuisance. See also City of Modesto Redevelopment Agency v. Superior Court, 119 Cal. App. 4th 28, 41 (2004), as modified on denial of reh'g (June 28, 2004) (instructions on

4

discharge amounted to "affirmative acts or instructions"). Here, the hoverboard's spontaneous combustion has nothing to do with its instructions or intended use. As in Hinds Investments, Amazon did not provide any recommendations that amount to "affirmative acts or instructions [that] could support a finding that [D]efendants assisted in creating a nuisance." 445 Fed. App'x at 920 (quoting City of Modesto, 13 Cal.Rptr.3d at 874). As Defendant notes, to find otherwise would expand the law of nuisance to include almost all defective product actions where there is resulting property damage.

Plaintiffs' claims involve a "traditional [products liability and negligence] tort that should not be litigated under 'the guise of a nuisance action.'" El Escorial Owners' Ass'n v. DLC Plastering, Inc., 154 Cal.App.4th 1337, 1348 (2007) (quoting City of San Diego, 30 Cal.App.4th at 587). The only description of the actions amounting to nuisance in Plaintiffs' complaint is that Amazon sold, delivered, and/or distributed the hoverboard. See ECF No. 1 at 16. These factual allegations are no different than those underpinning Plaintiffs' negligence and product liability claims. Id. at 11, 13. "Where negligence and nuisance causes of action rely on the same facts about lack of due care, the nuisance claim is a negligence claim." El Escorial, 154 Cal.App.4th at 1349. The Court agrees with Defendant that Plaintiffs' "nuisance cause of action [is] merely a clone of the [negligence] cause of action using a different label." Id. (citing Van Zyl v. Spiegelberg, 2 Cal.App.3d 367, 372-73 (1969)). Therefore, Plaintiffs' private nuisance claim fails.

## CONCLUSION

Amazon's motion to dismiss Plaintiffs' claim for private nuisance is granted. Because the Court concludes that leave to amend would be futile, dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: September 14, 2017

_____
JON S. TIGAR
United States District Judge